**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY CEMENT, INC.,<br><br>    Defendant.<br>_____/ | No. CV 10-2449 SBA (NJV)<br><br>**REPORT AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**<br>(Docket No. 21) |

    Plaintiffs Board of Trustees of the Laborers Health and Welfare Trust Fund for Northern California, Board of Trustees of the Laborers Vacation-Holiday Trust Fund for Northern California, Board of Trustees of the Laborers Pension Trust Fund for Northern California, and Board of Trustees of the Laborers Training and Retraining Trust Fund for Northern California filed this action against City Cement, Inc. and Jose Francisco Vieira for breach of a collective bargaining agreement, recovery of unpaid trust fund contributions, breach of fiduciary duty, and injunctive relief. Doc. No. 1. Plaintiffs allege that Defendant City Cement failed to make trust fund contributions required by the collective bargaining agreement, written trust agreements, and federal law. Plaintiffs have moved for default judgment as to Defendant City Cement, who was served but has not appeared in the action or responded to the complaint. Doc. No. 21. The district court has referred Plaintiffs' motion to this Court for a report and recommendation, including a report and recommendation concerning the amount of the judgement sought by Plaintiffs (Doc. No. 28). *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Having reviewed the brief and accompanying submissions filed by Plaintiffs, the Court recommends that Plaintiffs' motion for default judgment be **GRANTED**; entry

of judgment for Plaintiffs in the amount of $81,400.06; and that Defendant City Cement should be required to submit to an audit of its financial records for the period January 1, 2008 through the present.

## I. BACKGROUND

On June 3, 2010, Plaintiffs filed this action against Defendant City Cement, Inc. for breach of the collective bargaining agreement and recovery of unpaid trust fund contributions under sections 1132 and 1145 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and against Defendant Vieira[1] for breach of fiduciary duty. Plaintiffs alleged that Defendant City Cement failed to make the required payments to various trust funds in violation of a collective bargaining agreement and certain trust agreements. Defendant became subject to the terms and conditions of the Laborers' Master Agreement for Northern California ("Agreement") by virtue of signing a Memorandum of Agreement with the Northern California District Council of Laborers on or about September 22, 2006. Compl. at 3-4 (Doc. No. 1); Decl. of John J. Hagan,[2] Exs. A-G (Doc. No. 23).

According to the Complaint, Defendant failed to make the required payments in two ways. First, Defendant failed to pay all employee fringe benefit contributions reported for December 2008 and January, February, and May 2009, and owe benefit contributions in the amount of $48,026.73 for these four months. Compl. at 4, 6 (the "reported" but unpaid contributions); *see* Hagan Decl. ¶¶ 7, 17-18, Exs. I & J. Per provisions in the Agreement regarding delinquent contributions, liquidated damages are assessed at $150 for each month that the employer's contribution is delinquent and interest is calculated at 1.5% per month. Compl. at 4-6; *see* Hagan Decl. ¶¶ 16, 19-22, Exs. G, H, and K. Plaintiffs claim liquidated damages in the amount of $600.00 ($150.00 x 4 months) and interest in the amount of $10,485.12 through April 25, 2010 based on the unpaid benefit contributions for these four months. Compl. at 4-6; *see* Hagan Decl. ¶¶ 16, 19-22, Exs. G, H,

---

[1] On September 1, 2010, the court granted Plaintiffs' notice of voluntary dismissal of Defendant Vieira and the third cause of action of breach of fiduciary duty. Doc. No. 10. Future references to "Defendant" are to Defendant City Cement, the only remaining defendant in this action.

[2] John J. Hagan is the Accounts Receivable Manager for the Laborers Funds Administrative Office of Northern California, Inc. He submitted a declaration in support of Plaintiffs' motion and one in response to this Court's January 21, 2011 Order. Doc. Nos. 23 & 30.

2

1 and K.  Pursuant to 29 U.S.C. § 1132(g)(2)(C), Plaintiffs claim entitlement to an additional award of
2 $10,485.12 because the interest on the unpaid contributions ($10,485.12) is greater than the
3 liquidated damages under the plan ($600.00).

4       Second, Defendant paid employee fringe benefit contributions late for the time period of
5 June through November 2008 and March, April, and June 2009.  Compl. at 4-5; *see* Hagan Decl.
6 ¶ 23, Ex. L.  Per provisions in the Agreement regarding delinquent contributions, Plaintiffs claim
7 liquidated damages and interest in the amount of $4,289.71 based on these late benefit contributions.
8 Compl. at 4-5; *see* Hagan Decl. ¶ 23, Ex. L (liquidated damages in the amount of $1,344.01 and
9 interest in the amount of $2,945.70, totaling $4,289.71).

10       Pursuant to the Agreement and relevant statute, the employer is also responsible for
11 reasonable attorneys' fees and costs.  *See* Hagan Decl. ¶ 13, Ex. D; 29 U.S.C. § 1132(g)(2)(D).
12 Plaintiffs seek attorneys' fees through November 15, 2010, in the amount of $7,345.00, plus costs of
13 suit in the amount of $1,167.88.  Decl. of Ronald L. Richman ¶¶ 5-6, Ex. A (Doc. No. 22)
14 (calculating a total of $8,512.88 for attorneys' fees and costs).  Finally, pursuant to the Agreement,
15 Plaintiffs are permitted to audit and review all records relevant to the enforcement of the provisions
16 of the various agreements.  *See* Compl. at 8-9; Hagan Decl. ¶ 14, Ex. E.

17       Defendant City Cement was served on July 8, 2010, but has failed to respond or otherwise
18 defend the action.  On September 1, 2010, the court granted Plaintiffs' notice of voluntary dismissal
19 of Defendant Vieira and the third cause of action of breach of fiduciary duty.  Doc. No. 10.  Two
20 alternative causes of action remain against Defendant City Cement:  breach of the collective
21 bargaining agreement and recovery of unpaid trust fund contributions under ERISA.  Also on
22 September 1, 2010, the Clerk of the Court declined to enter default as to Defendant City Cement.
23 Doc. No. 12.  Upon Plaintiffs' amended motion, the Clerk of the Court entered default judgment as
24 to Defendant City Cement on November 16, 2010.  Doc. No. 20.

25       On November 30, 2010, Plaintiffs moved for default judgment as to Defendant City Cement
26 and requested injunctive relief permitting Plaintiffs to audit Defendant's records as provided under
27 the Trust Agreement.  On January 21, 2011, the Court ordered Plaintiffs to explain 1) the calculation
28 of liquidated damages and interest sought in the Complaint in the amount of $11,085.12, *see*

Complaint at 5, 8-10; and 2) why the Motion does not refer to the $11,085.12 of liquidated damages and interest. Doc. No. 29. On January 26, 2011, Plaintiffs filed a supplemental declaration with the requested information. Doc. No. 30. For the unpaid trust fund contributions, because Plaintiffs may only recover under either its breach of the collective bargaining agreement cause of action *or* its ERISA cause of action, Plaintiffs have elected to recover under their ERISA cause of action in their motion for default judgment.

**II. DISCUSSION**

**A.     Legal Standard**

After entry of default, the court may enter a default judgment. Fed. R. Civ. P. 55(b). The decision to grant or deny a default judgment is within the court's discretion. *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). "As a preliminary matter, the court must [first] assess the adequacy of the service of process on the party against whom default is requested." *Board of Trustees of the N. Cal. Sheet Metal Workers v. Peters*, 2000 U.S. Dist. LEXIS 19065, *2 (N.D. Cal. 2000). Once the court determines that service was sufficient, it may consider the following factors when exercising its discretion to enter a default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of [the] plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Upon default, all factual allegations in the complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977)).

**B.     Service of Process**

Service of process against Defendant was adequate. Federal Rule of Civil Procedure 4(h) provides the standards for service upon corporations, associations, or partnerships. On July 8, 2010, copies of the summons and complaint were served by personal delivery on Kimberly Munoz, the attorney and authorized agent for service of process for Defendant, at 941 West Hedding Street, San

4

Jose, CA 95125.[3] Doc. Nos. 4 & 14 (proof of service); *see* Doc. No. 15.  Given the proof of service from a registered process server, the Court deems service of process appropriate here.

**C.    *Eitel* Factors**

For the following reasons, the *Eitel* factors favor default judgment.

1. Possibility of Prejudice to the Plaintiff

Accepting the allegations in the Complaint as true, Plaintiffs would be prejudiced absent entry of default judgment.  Defendant has failed to make required payments into the various trust funds and employee benefit plans, in violation of a collective bargaining agreement and various trust agreements.  This failure, if not remedied, will prejudice Plaintiffs.

2. Merits and Sufficiency of Complaint

These factors also favor entry of default judgment.  Plaintiffs have sufficiently pleaded claims under ERISA and for breach of the collective bargaining agreement arising from Defendant's failure to make the required payments to the trust funds and the employee benefit plans.

3. Amount of Money at Stake

The sum of money at stake weighs in favor of default judgment.  Plaintiffs only seek the delinquent contributions owed by Defendant to the various plans, interest, and liquidated damages, which were calculated as agreed upon by the parties pursuant to the Agreement.

4. Possibility of Dispute Concerning Material Facts

Upon default, all factual allegations in the complaint are taken as true, except those relating to damages.  *TeleVideo Sys.*, 826 F.2d at 917-18.  After review of the complaint, the possibility of a dispute concerning material facts appears small.  This factor also weighs in favor of default judgment.

/ /

/ /

---

[3]    The Court notes that Plaintiffs were unable to serve Defendant Vieira at the address that appears on the Agreement signed by Defendant and on Defendant's self-reporting documents for December 2008 and January, February, and May 2009 submitted by Plaintiffs, *see* Hagan Decl., Exs. F & J (Defendant's address identified as 2841 Barbers Point Road, Alameda, CA 94501), despite Plaintiffs' efforts, Doc. No. 5 (summons returned unexecuted and declaration of diligence by process server).

### 5. Whether Default Was Due to Excusable Neglect

As noted above, Defendant was properly served with the summons and the complaint. In addition, Defendant was served with Plaintiffs' motion for default judgment detailing all amounts owed and Plaintiffs' other filings including their earlier requests for entry of default and voluntary dismissal of Defendant Vieira. Doc. Nos. 25, 9, & 17. Although Defendant did not make an appearance or participate in any manner in this action, the Court finds that the possibility that default resulted from the excusable neglect of Defendant is remote. This factor therefore weighs in favor of default judgment.

### 6. Policy for Deciding on the Merits

The Federal Rules favor a decision on the merits whenever possible. *Eitel*, 782 F.2d at 1472. The existence of Federal Rule of Civil Procedure 55(b), however, indicates that this preference alone is not dispositive. Where, as here, a defendant fails to respond to a complaint, a decision on the merits is impractical, if not impossible. Ultimately, the preference to decide cases on the merits does not preclude a court from granting default judgment. *See, e.g.*, *Pepsico, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

**D. Damages**

For the unpaid trust fund contributions, Plaintiffs have elected to recover under their ERISA cause of action in their motion for default judgment. Section 1132(g) of ERISA provides that in an action to enforce payment of delinquent contributions:

the court *shall* award the plan-

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the *greater* of-
    (I)    interest on the unpaid contributions, or

    (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent ... of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant; and

(E) such other legal or equitable relief as the court deems appropriate.

6

29 U.S.C. § 1132(g)(2) (emphasis added). An award under section 1132(g)(2) is mandatory if the following requirements are satisfied: 1) the employer is delinquent at the time the action is filed; 2) the district court has entered a judgment against the employer; and 3) the plan provides for such an award. *Northwest Administrators, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996) (citing *Idaho Plumbers and Pipefitters Health and Welfare Fund v. United Mechanical Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir. 1989)). "[M]andatory fees are available under section 1132(g)(2) 'notwithstanding the defendant's post-suit, pre-judgment payment of the delinquent contributions.'" *See Northwest Administrators,* 104 F.3d at 258 (quoting *Carpenters Amended and Restated Health Benefit Fund v. John W. Ryan Constr. Co.,* 767 F.2d 1170, 1175 (5th Cir. 1985)). "Courts in this district have held that a plaintiff may receive a judgment for contributions which became due after the lawsuit was filed and remain unpaid at the time of judgment." *Board of Trustees of the Sheet Metal Workers v. General Facilities, Inc.*, 2003 WL 1790837, *2 (N.D. Cal. 2003). Plaintiff has satisfied the statutory requirements and is entitled to relief for all unpaid contributions that have not yet been satisfied.

To prove Plaintiffs' damages, Plaintiffs submitted the declarations of Ronald L. Richman, Plaintiffs' attorney, and John J. Hagan, the Accounts Receivable Manager for the Laborers Funds Administrative Office of Northern California, Inc. Doc. Nos. 22, 23, & 30.

    1.    <u>Unpaid Contributions: December 2008 and January, February, and May 2009</u>

Defendant failed to pay all employee fringe benefit contributions reported for December 2008 and January, February, and May 2009, and owe benefit contributions in the amount of $48,026.73 for these four months. Compl. at 4, 6 (the "reported" but unpaid contributions); *see* Hagan Decl. ¶¶ 7, 17-18, Exs. I & J. Plaintiffs submitted copies of the self-reporting documents described above, listing employee names and hours worked. Hagan Decl., Ex. J. Per provisions in the Agreement regarding delinquent contributions, Plaintiffs are entitled to interest (calculated at 1.5% per month) in the amount of $10,485.12 through April 25, 2010 based on the unpaid benefit contributions for these four months. Compl. at 4-6; *see* Hagan Decl. ¶¶ 16, 19-22, Exs. G, H, and K. Pursuant to 29 U.S.C. § 1132(g)(2)(C), Plaintiffs are entitled to an additional award of $10,485.12

7

1  because the interest on the unpaid contributions ($10,485.12) is greater than the liquidated damages
2  under the plan ($600.00).

3     2.     Late Contributions:  June through November 2008 & March, April, and June 2009

4  Defendant paid employee fringe benefit contributions late for the time period of June through
5  November 2008 and March, April, and June 2009.  Compl. at 4-5; *see* Hagan Decl. ¶ 23, Ex. L.  Per
6  provisions in the Agreement regarding delinquent contributions, Plaintiffs are entitled to liquidated
7  damages and interest in the amount of $4,289.71 based on these late benefit contributions.  Compl.
8  at 4-5; *see* Hagan Decl. ¶ 23, Ex. L (liquidated damages in the amount of $1,344.01 and interest in
9  the amount of $2,945.70, totaling $4,289.71).

10    3.     Attorneys' Fees and Costs

11  Pursuant to the Agreement and relevant ERISA statute, the employer is also responsible for
12  reasonable attorneys' fees and costs.  *See* Hagan Decl. ¶ 13, Ex. D; 29 U.S.C. § 1132(g)(2)(D).
13  Plaintiffs seek attorneys' fees through November 15, 2010, in the amount of $7,345.00, plus costs of
14  suit in the amount of $1,167.88.  Decl. of Ronald L. Richman ¶¶ 5-6, Ex. A (Doc. No. 22)
15  (calculating a total of $8,512.88 for attorneys' fees and costs).  Plaintiffs' attorney, Mr. Richman,
16  spent approximately 22.6 hours prosecuting this action at a rate of $325.00 per hour.  *See id*. at ¶¶ 4-
17  5.

18  To determine a reasonable attorneys' fee award, the court employs the lodestar method.
19  *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).  "The 'lodestar' is calculated by
20  multiplying the number of hours the prevailing party reasonably expended on the litigation by a
21  reasonable hourly rate."  *Id*.  There is a strong presumption that the lodestar figure constitutes
22  reasonable fees, and only in exceptional cases will adjustment of the lodestar be appropriate.
23  *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564-65 (1986).  In
24  assessing a reasonable hourly rate, the court should consider the prevailing market rate in the
25  community for similar services by lawyers of reasonably comparable skill, experience, and
26  reputation.  *See Blum v. Stenson*, 465 U.S. 886, 895 (1984).  Courts within this district have used
27  different methods and reached different results.  *Compare Yahoo!, Inc. v. Net Games, Inc.*,
28  329 F. Supp. 2d 1179, 1192-93 (N.D. Cal. 2004) (employing complex formula to determine that the

average hourly rate in the San Francisco area around 2002 was $190 per hour), *with Cancio v. Fin. Credit Network*, 2005 WL 1629809, *2-3 (N.D. Cal. 2005) (finding that precedent in the Northern District of California supported hourly rates in 2005 of $345 per hour and $435 per hour).

Determination of a reasonable hourly rate also depends on the skill, experience and reputation of the attorney as well as the complexity of the litigation. Counsel was admitted to practice in 1984 and for the last 15 years has worked on ERISA trust fund litigation. Richman Decl. ¶ 3. Mr. Richman is a senior counsel and shareholder of his firm, and the managing partner of the firm's San Francisco office. *Id*. The hourly rate charged also reflects a discount from Mr. Richman's standard hourly billing rate of $375-450. *Id*. at ¶ 4. In light of these facts and the relevant caselaw from this district, the Court concludes that the $325.00 hourly rate of Plaintiffs' counsel is reasonable.

The second lodestar factor is the reasonable number of hours counsel spent prosecuting the case. If the requested number of hours is greater than the number of hours reasonably competent counsel would have billed, then the court should reduce the requested number of hours accordingly. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In the present case, counsel spent approximately 22.6 hours prosecuting the case. Richman Decl. ¶ 5, Ex. A. Absent the time spent correcting an error in the proof of service, this time was reasonable and necessary to obtain a default judgment in Plaintiffs' favor, and is therefore recoverable under the Agreement. *See* Hagan Decl. ¶ 13, Ex. D; 29 U.S.C. § 1132(g)(2)(D).

The Court recommends deducting: 1) $97.50 in attorneys' fees for time spent on November 9, 2010 working on Plaintiffs' revised request for entry of default based on an error in the proof of service; and 2) $302.00 in costs for service of the summons and complaint on Defendant Vieira, whom Plaintiffs voluntarily dismissed. *See* Richman Decl., Ex. A at 4. Therefore, the Court recommends awarding $7,247.50 in attorneys' fees and $865.88 in costs, for a total of $8,113.38.

### 4. Summary of Award

The chart below summarizes the Court's award recommendation using the three categories above: 1) unpaid contributions sub-totaling $68,996.97 for the unpaid contributions, interest, and a § 1132(g)(2)(C) award; 2) late contributions in the amount of $4,289.71 for interest and liquidated

damages; and 3) attorneys' fees and costs of $8,113.38.  The Court recommends a total award in the amount of $81,400.06.

**1) Unpaid Contributions (Dec. 2008; Jan., Feb., and May 2009)**
  $48,026.73 Unpaid Contributions
  $10,485.12 Interest
  $10,485.12 Award under 29 U.S.C. § 1132(g)(2)(C) because interest is greater than liquidated damages on unpaid contributions
  $68,996.97 Sub-total

**2) Late Benefit Contributions (June-Nov. 2008; March, April, and June 2009)**
   $2,945.70 Interest
   $1,344.01 Liquidated Damages
   $4,289.71 Sub-total

**3) Attorneys' Fees & Costs**
  $ 7,247.50 Attorneys' Fees
  $    865.88 Costs
  $ 8,113.38 Sub-total

**$81,400.06 TOTAL**

**E.     Audit**

Finally, Plaintiffs also request that Defendant submit to an audit of its financial records for the period January 1, 2008 through the present to determine the full amount of contributions owed by Defendant to the Laborers Trust Fund.  Where a collective bargaining agreement grants the right to audit the employer's books, that right shall be enforced.  *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 581-82 (1985).  Pursuant to the Agreement, Plaintiffs are permitted to audit and review all records relevant to the enforcement of the provisions of the various agreements.  *See* Compl. at 8-9; Hagan Decl. ¶ 14, Ex. E.  Therefore, Plaintiffs' request is reasonable and Defendant should be required to submit to an audit of its financial records from January 1, 2008 through the present.

/ /
/ /
/ /

### III. RECOMMENDATION

For the reasons set forth above, the Court recommends that Plaintiffs' motion for default judgment be **GRANTED**; entry of judgment for Plaintiffs in the amount of $81,400.06; and that Defendant should be required to submit to an audit of its financial records for the period January 1, 2008 through the present.

Any party may file objections to this report and recommendation with the district judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) & (C); Fed. R. Civ. Proc. 72(b); Civil L.R. 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: February 25, 2011

NANDOR J. VADAS
United States Magistrate Judge